# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:03CV251
## (1:00CR69-5)

| | | |
|---|---|---|
| **AMOS JUNIOR SCOTT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend judgment.

## I. STANDARD OF REVIEW

"There are three circumstances in which the district court can grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" ***United States ex rel. Becker v. Westinghouse Savannah River Co.***, 305 F.3d 284, 290 (4th Cir. 2002),

*cert. denied,* **538 U.S. 1012 (2003) (quoting** *Pac. Ins. Co. v. Am. Nat'l Fire*

*Ins. Co.,* **148 F.3d 396, 403 (4th Cir. 1998)).**

> Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. . . . In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."

*Pac. Ins. Co.,* **at 403 (quoting** *Russell v. Delco Remy Div. of Gen. Motors*

*Corp.,* **51 F.3d 746, 749 (7th cir. 1995) and 11 Wright,** *et al., Federal*

*Practice & Procedure* **§ 2810.1, at 124 (2d ed. 1995)) (other citations**

*omitted).* "[A]n issue presented for the first time in a motion pursuant to

[Rule 59(e)] generally is not timely raised; accordingly, such an issue is not

preserved for appellate review unless the district court exercises its discretion

to excuse the party's lack of timeliness and consider the issue." *Holland v.*

*Big River Minerals Corp.,* **181 F.3d 597, 605 (4th Cir. 1999).** Finally, "mere

disagreement [with the Court's ruling] does not support a Rule 59(e) motion."

*Hutchinson v. Staton***, 994 F.2d 1076, 1082 (4th Cir. 1993).**

## II. DISCUSSION

In this motion, the Petitioner raises again the argument that the undersigned erroneously determined his prior criminal conviction because, in fact, his probation was never revoked.  However, he has not submitted any documentation that proves this claim.  And, although he claims he has initiated post-conviction proceedings in the state court to attack that conviction, the only documentation provided shows that his appeal was not filed because it was untimely.  Thus, there is no post-conviction attack. *Johnson v. United States*, 125 S. Ct. 1571 (2005).

Petitioner also reiterates his argument that the jury verdict should have contained a finding of drug quantities attributable solely to him instead of to the conspiracy, citing *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005). In that case, the defendant was indicted for conspiring to distribute 50 grams or more of cocaine base.  After his conviction by jury verdict, he was sentenced to the mandatory 10 year minimum sentence of 21 U.S.C. §§ 841(b)(1)(A) and 846.  On appeal, he claimed the court erroneously instructed the jury when, during deliberations, a message came from the jury asking whether the quantity of drugs alleged in the indictment, *i.e.*, 50 grams

or more, applied to the defendant or to the conspiracy as a whole.  The judge

instructed the jury that the quantity applied to the entire group of

conspirators.  He gave no further or supplemental instruction.  On appeal,

> Collins argue[d] that the district court erred in answering the jury's
> question.  Collins contend[ed] that the jury should have been
> instructed that in order to hold [him] responsible for 50 grams or
> more of crack cocaine it must make one of two findings, either
> that (1) Collins himself was involved in the distribution of 50
> grams of crack cocaine, or (2) other members of the conspiracy
> were involved in that amount, and those actions of coconspirators
> were both reasonably foreseeable and in furtherance of the jointly
> undertaken criminal activity, *see Pinkerton v. United States*, 328
> U.S. 640 . . . (1946).
>                                   . . .
> The most stringent penalty section under §841(b), §841(b)(a)(A),
> mandates a 10 year minimum sentence for an individual found
> guilty under §841(a) for . . . distributing . . . 50 grams or more of
> cocaine base.  The Superseding Indictment contemplates this
> subsection by charging Collins with conspiring to distribute *50 or
> more grams* of cocaine base, commonly known as crack cocaine.
> Considering the statutory scheme outlined above, it is clear that
> the amount of narcotics attributable to a defendant dictates the
> period of incarceration for a defendant convicted of the
> substantive offense.  When a defendant is charged and convicted
> for *conspiracy* to violate § 841(a), the important question of
> quantity becomes more difficult to interpret and apply. . . .  [In
> *United States v. Irvin*, 2 F.3d 72 (4th Cir. 1993), the Fourth
> Circuit concluded that] . . . "the most reasonable interpretation of
> the relevant statutory provisions requires a sentencing court to
> assess the quantity of narcotics attributable to each coconspirator
> by relying on the principles set forth in *Pinkerton*."  *Id*., at 77.
>                                   . . .

The principles outlined in *Pinkerton*, however, have no
applicability to a conviction under § 846.  *Pinkerton* principles
are relevant when a conspirator is charged with a substantive
offense arising from the actions of a coconspirator, not when a
conspirator is charged with conspiracy.  Because Count 1
charge[d] Collins with conspiracy (§ 846), and not a substantive
offense, the district court's answer to the jury's question, as well
as its original conspiracy instruction, is unassailable as a matter of
law.  This, however, does not end the inquiry.  Although the
district court correctly instructed the jury as to the elements of
conspiracy, it erred by not issuing a further instruction relating to
the factual predicate necessary for sentencing. . . .  Under current
precedent, rather than the district court applying *Pinkerton*
principles when determining the appropriate sentence under §
841(b), that same court must instead instruct a jury to use
*Pinkerton* principles when making the same determination. . . .
By failing to instruct the jury . . . that, for purposes of setting a
specific threshold drug quantity under § 841(b), the jury must
determine what amount of cocaine base was attributable to
Collins using *Pinkerton* principles [*i.e.*, other members of the
conspiracy were involved in that amount, and those actions of
coconspirators were both reasonably foreseeable and in
furtherance of the jointly undertaken criminal activity], the district
court's sentence effectively attributed to Collins, an individual
member of the conspiracy, the quantity of cocaine base
distributed by the entire conspiracy. . . .  For these reasons, the
district court's *sentence*, which was *based on the 10 year
minimum set forth in § 841(b)(1)(A)*, cannot stand.

**Collins, 415 F.3d at 311-314 (internal citations, footnotes and quotations**

**omitted).**

In the Petitioner's case, however, the verdict sheet specifically

addressed the issue of "involvement:"  "[D]id the conspiracy described in the

indictment involve at least five kilograms of a mixture or substance containing a detectable amount of cocaine?" **Verdict Sheet, filed January 12, 2001.** And, there was no question from the jury as to the Petitioner's individual involvement.

In fact, the verdict sheet in the Petitioner's case was identical that used in *United States v. Odman*, 47 Fed. Appx. 221 (4th Cir. 2002), *cert. denied*, 537 U.S. 1211 (2003). The verdict sheet there asked whether "the conspiracy described in the indictment involve[d] at least five kilograms of cocaine?" ***Compare* Verdict Sheet, filed January 23, 2001, in *United States v. Odman*, Criminal No. 4:96cr53, *with* Verdict Sheet, *supra*.** On appeal, the Fourth Circuit noted that Odman argued "that the verdict form was defective because it did not ask the jury to determine the specific quantity of cocaine . . . attributable to him[.] . . . The verdict form required the jury to determine whether Odman was guilty of participation in a conspiracy involving the specific threshold amounts of cocaine or crack that justify an enhanced sentence under 21 U.S.C. § 841(b)." ***Odman*, *supra*, at 223.** The Fourth Circuit found no error.

The Petitioner's conviction was rendered by jury verdict during the same term of court as Odman was tried and convicted. The law at that time condoned the verdict form used. The fact that the law *may* have changed in light of subsequent precedent, is an issue which the Petitioner should pursue with the Fourth Circuit Court of Appeals.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to Federal Rule of Civil Procedure 59(e) is hereby **DENIED**.

**Signed: December 9, 2005**

Lacy H. Thornburg
United States District Judge