# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV342-1-T
## (1:00CR69)

| | |
|---|---|
| **AMOS JUNIOR SCOTT,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER OF DISMISSAL** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court following transfer of this action from the United States District Court for the Eastern District of California. *See* **Order of United States Magistrate Judge Gregory G. Hollows, filed July 23, 2008.**

Petitioner was convicted in this Court of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. **Judgment in a Criminal Case, filed September 13, 2001, at 1.** Due in part to his criminal record (which included several prior state court convictions in California), he received a sentence of life in prison. *Id.* **at 2.** Following an unsuccessful appeal of his conviction, he filed a petition in this Court,

seeking to vacate his sentence under 28 U.S.C. § 2255.  **United States v. Scott, 40 F. App'x 807 (4th Cir. 2002) (affirming Petitioner's conviction and sentence); Motion Under 28 U.S.C. § 2255, filed October 10, 2003.**  The § 2255 petition also proved unsuccessful, both in this Court and on appeal.  **Judgment, filed November 7, 2005 (denying Petitioner's § 2255 motion); 185 F. App'x 292 (4th Cir. 2006) (dismissing appeal from denial of § 2255 petition).**

In January 2008, Petitioner filed a habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California.[1]  **Petition Under 28 U.S.C. § 2254, filed January 31, 2008.**  The § 2254 petition attacked his state court convictions in California on the basis that these convictions were entered in violation of a plea agreement.  *Id.* **at 3.**  The District Court in California issued an order transferring the § 2254 petition to this Court, stating that the petition should be construed as a

---

[1]  Petitioner consistently refers to his petition as a "petition for writ of habeas corpus and/or coram nobis pursuant to the 'All Writs Act,' 28 U.S.C. § 1651(a)."  As Petitioner used a § 2254 form to submit his petition – and as writs of coram nobis have been abolished in the federal court system – the Court construes his petition as a § 2254 petition.  **See Fed. R. Civ. P. 60(e) ("The following are abolished: bills of review, bills in the nature of bills of review, and *writs of coram nobis*, coram vobis, and audita querela."(emphasis added)).**

§ 2255 petition to vacate Petitioner's federal sentence, and therefore, it must be decided by the sentencing court in this District.  **Order of Magistrate Judge Hollows, *supra*, at 1.**  Petitioner complains that the District Court in California should not have construed his § 2254 petition as a § 2255 petition and that the case should have remained in California.  **Letter to Clerk of Court in Western District of North Carolina, filed August 11, 2008, at 1.**

In point of fact – for Petitioner's purposes – it does not matter whether his petition is construed under § 2254 or § 2255, as the federal courts cannot consider his request for relief under either statute.[2]  In 2001, in companion cases, the United States Supreme Court ruled that *neither* § 2254 or § 2255 is a proper vehicle for challenging a prior conviction, if that conviction was used to enhance the defendant's federal sentence but is no longer open to direct or collateral attack in its own right.  **Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-03 (2001) (barring challenges to prior convictions under § 2254); Daniels v. United**

---

[2] It is also noted that, were the Court to construe Petitioner's petition as one under § 2255 (as Magistrate Judge Hollows suggests), this would be his second § 2255 petition.  Such successive petitions are barred by 28 U.S.C. § 2255(h).

***States***, 532 U.S. 374, 381-83 (2001) (barring challenges to prior convictions under § 2255).[3]  Explaining its reasoning, the Supreme Court observed:

> [T]hese vehicles for review . . . are not available indefinitely and without limitation.  A defendant may choose not to seek review of his conviction within the prescribed time.  Or he may seek review and not prevail, either because he did not comply with procedural rules or because he failed to prove a constitutional violation.  In each of these situations, the defendant's conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment.  Other jurisdictions acquire an interest as well, as they may then use that conviction for their own recidivist sentencing purposes, relying on the presumption of regularity that attaches to final judgments.
>
> An additional concern is ease of administration of challenges to expired state convictions.  Federal courts sitting in habeas jurisdiction must consult state court records and transcripts to ensure that challenged convictions were obtained in a manner consistent with constitutional demands.  As time passes, and certainly once a state sentence has been served to completion, the likelihood that trial records will be retained by the local courts and will be accessible for review diminishes substantially.

***Coss***, 532 U.S. at 403 (internal citations and quotation marks omitted).

---

[3]  *Coss* and *Daniels* both note a single exception to this rule: challenges based on a violation of the Sixth Amendment right to counsel.  ***Coss***, 532 U.S. at 404; ***Daniels***, 532 U.S. at 382.  Petitioner concedes he does not fall within this one exception.  **Petitioner's Reply to Respondent's Response, filed August 14, 2008, at 2.**

In this case, Petitioner cites *Daniels* and concedes that he may not use § 2255 to collaterally attack the validity of his previous state convictions.  **Petitioner's Reply to Respondent's Response, filed August 14, 2008, at 2.**  He also correctly notes that, pursuant to an earlier Supreme Court case, *Custis v. United States*, he was unable to collaterally attack the validity of his previous state convictions during his federal sentencing proceedings.  *Id.*; *see Custis v. United States*, **511 U.S. 485, 496 (1994) (holding that, for reasons similar to those cited in *Coss* and *Daniels*, defendants in federal sentencing proceedings have no constitutional right to collaterally attack validity of previous state convictions used to enhance sentence).**  As noted above, *Coss* bars § 2254 petitions for the same reason *Daniels* and *Custis* bar, respectively, § 2255 petitions and sentencing challenges.  By conceding the applicability of *Daniels* and *Custis*, Petitioner has also effectively conceded the applicability of *Coss* and the consequent impermissibility of his petition under § 2254.  Thus, there is no statute enabling the Court to reach the merits of the petition.

**IT IS, THEREFORE, ORDERED** that Petitioner's petition is hereby **DISMISSED WITH PREJUDICE**.

6

Signed: September 3, 2008

*[signature]*

Lacy H. Thornburg
United States District Judge