# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Criminal Case No. 1:00-cr-00069-MR-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| AMOS JUNIOR SCOTT, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on the Defendant's Motion to Correct Presentence Investigation Report. [Doc. 192].

On January 12, 2001, the Defendant was found guilty after a jury trial of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii) and 851. [Doc. 80]. The Defendant was sentenced to a term of life imprisonment. [Doc. 111]. The Fourth Circuit Court of Appeals affirmed the Defendant's conviction and sentence on July 15, 2002. [Doc. 124]. The Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. 135], which the Court denied on November 5, 2003 [Doc. 136]. The Fourth Circuit Court of Appeals dismissed his appeal and denied a certificate of appealability on June 23, 2006. [Doc. 157]. The

Defendant filed a second motion to vacate in July 2008. [Doc. 161]. The Court denied this motion as an unauthorized § 2255 motion. [Doc. 164].

The Defendant now returns to this Court, requesting correction of certain "factual inaccuracies" in his Presentence Report (PSR) pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Specifically, the Defendant argues that the PSR erroneously states that (1) he was previously convicted of assault with a deadly weapon and (2) he was once affiliated with a gang. These errors, the Defendant contends, adversely affects his security classification and eligibility for certain programs while incarcerated. [Doc. 192].

Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report . . . ." United States v. Wilkes, 376 F. App'x 295, 296 (4th Cir. 2010) (per curiam). Instead, such challenges must be made in the form of objections to the presentence report, which objections must be filed within fourteen days of receiving the document. See Fed. R. Crim. P. 32(f).

Here, while the Defendant is asking the Court to correct certain "clerical errors," he is in fact asserting a substantive challenge to the information presented in the PSR. Because the time for making such objections has long since passed, the Court lacks jurisdiction to entertain the Defendant's motion. See United States v. Davis, No. PJM 00-0424, 2012 WL 8466126, at *1 (D. Md. Nov. 2, 2012).

Further, although styled as a Rule 36 motion, the Defendant is attacking the same criminal judgment that he challenged in his prior § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (noting that "new legal arguments or proffers of additional evidence will usually signify that the prisoner is . . . continuing his collateral attack on his conviction or sentence"). The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  As noted, the Defendant previously filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied.  The Defendant has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive § 2255 motion. This Court is therefore without jurisdiction to consider a successive petition under § 2255. See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

For the foregoing reasons, the Defendant's Rule 36 motion is denied. Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Correct Presentence Investigation Report [Doc. 192] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: June 9, 2016

Martin Reidinger
United States District Judge