# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00166-MR
# [Criminal Case No. 1:00-cr-00069-MR-5]

| | |
|---|---|
| AMOS JUNIOR SCOTT, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Motion in Support of Writ of Audita Querela Pursuant to 28 U.S.C. § 1651" [Doc. 1], in which he seeks relief pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). Also pending is Petitioner's "Motion for Appointment of Counsel" [Doc. 2]. For the reasons that follow, the Court finds that relief is unavailable under § 1651, as Petitioner essentially seeks to circumvent the rule against filing unauthorized second or successive motions to vacate pursuant to 28 U.S.C. § 2255. Further, the Court finds that the circumstances do not warrant the appointment of counsel for Petitioner.

## I. PROCEDURAL HISTORY

On January 12, 2001, Petitioner was found guilty after a jury trial of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii) and 851. [Crim. Case No. 1:00CR69 ("CR"), Doc. 80: Verdict]. Petitioner was sentenced to a term of life imprisonment as a career offender. [CR Doc. 111: Judgment; CR Doc. 189: PSR]. The Fourth Circuit Court of Appeals affirmed the conviction and sentence on July 12, 2002. United States v. Scott, 40 F. App'x 807 (4th Cir. 2002). The United States Supreme Court denied certiorari on January 13, 2003. Scott v. United States, 537 U.S. 1140 (2003).

Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 [CR Doc. 135: Motion to Vacate], which the Court denied on November 5, 2003, [CR Doc. 136: Order]. The Fourth Circuit Court of Appeals dismissed the appeal and denied a certificate of appealability on June 23, 2006, United States v. Scott, 185 F. App'x 292 (4th Cir. 2006), and the United States Supreme Court denied certiorari on June 4, 2007, Scott v. United States, 551 U.S. 1104 (2007), and rehearing on August 20, 2007, Scott v. United States, 551 U.S. 1181 (2007).

On January 26, 2008, Petitioner filed a petition purporting to seek relief pursuant to 28 U.S.C. § 2254 in the Eastern District of California. The

petition was subsequently transferred to this Court. [CR Doc. 161: Second Motion to Vacate]. The Court denied this motion as an unauthorized successive § 2255 motion to vacate and denied reconsideration. [CR Doc. 164: Order; CR Doc. 166: Denying Reconsideration]. The Fourth Circuit dismissed Petitioner's appeal on October 5, 2009. United States v. Scott, 346 F. App'x 975 (4th Cir. 2009).

Petitioner then filed an application in the Fourth Circuit Court of Appeals for authorization to file a second or successive § 2255 motion to vacate raising a claim under Johnson v. United States, 135 S. Ct. 2551 (2015). The Court denied the motion on March 16, 2016, reasoning that even if Johnson applied retroactively, Petitioner would not be entitled to relief. [CR Doc. 190].

Next, Petitioner returned to this Court and filed in the underlying criminal case a motion to correct certain "factual inaccuracies" in his Presentence Investigation Report ("PSR") pursuant to Rule 36 of the Federal Rules of Criminal Procedure. [CR Doc. 192: Motion to Correct PSR]. Specifically, he argued that the PSR erroneously states that (1) he was previously convicted of assault with a deadly weapon and (2) he was once affiliated with a gang. He contended that these errors adversely affects his security classification and eligibility for certain programs while incarcerated.

3

The Court denied the motion for lack of jurisdiction because Petitioner sought to substantively challenge the PSR and the time to do so had long-since expired, and because he failed to obtain permission from the Fourth Circuit to file a second or successive § 2255 motion to vacate. [CR Doc. 193].

Presently before the Court for review is Petitioner's "Motion in Support of Writ of Audita Querela Pursuant to 28 U.S.C. § 1651," which was docketed on June 26, 2017. In his motion, Petitioner argues that he is entitled to resentencing without the career offender enhancement because his two prior convictions under California law for assault with force likely to produce great bodily harm are not categorically crimes of violence pursuant to Johnson, 135 S.Ct. at 2551.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any

4

attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.     DISCUSSION**

    **A.     Motion for Writ of Audita Querela**

The Federal Rules of Civil Procedure abolished several common law writs, including audita querela and coram nobis, as remedies in federal courts. Fed R. Civ. P. 60(e). The United States Supreme Court, however, subsequently held that the All Writs Act, 28 U.S.C. § 1651(a), authorizes courts to hear petitions for writ of coram nobis in certain limited circumstances. United States v. Morgan, 346 U.S. 502, 512 (1954). "Morgan teaches that federal courts may properly fill the interstices of the federal post-conviction remedial framework through remedies available at common law," including writs of coram nobis and audita querela. Hanan v. United States, 402 F. Supp. 2d 679, 683 (E.D. Va. 2005), order aff'd by 213 F. App'x 197 (4th Cir. 2007).

A writ of audita querela is used to challenge a judgment that was correct at the time it was issued, but which was rendered infirm by matters which rose after its issuance. United States v. Reyes, 945 F.2d 862, 863 n.1 (5th Cir. 1991). It is well settled that a petitioner may not obtain relief through a writ of audita querela when other avenues of relief are available, such as a motion to vacate under 28 U.S.C. § 2255. United States v. Sessoms, 488 F. App'x 737 (4th Cir. 2012); see United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). The fact that a petitioner may not proceed under § 2255 until he obtains authorization from the appellate court to so does not render § 2255 relief unavailable. See Sessoms, 488 F. App'x at 737 (petitioner's failure to obtain authorization to file a second or successive § 2255 petition did not alter the conclusion that relief was available under a § 2255 motion to vacate); Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("the statutory limits on second or successive habeas petitions do not create a 'gap' in the post conviction landscape that can be filled with the common law writs.").

In the instant case, although Petitioner seeks a writ of audita querela under § 1651, he is in fact attacking the legality, rather than the execution, of his sentence. Thus, his petition is in the nature of a § 2255 motion to

6

vacate despite his attempt to characterize it differently.[1]  See Andrews v. United States, 373 U.S. 334, 338 (1963) ("adjudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents.")  (citation omitted).

Petitioner has previously been denied § 2255 relief and the Fourth Circuit has denied his application for authorization to file a second or successive § 2255 motion to vacate. Under these circumstances, he may not use the writ of audita querela to avoid the statutory rules barring successive petitions without authorization from the Court of Appeals.  See United States v. McRae, 359 F. App'x 399 (4th Cir. 2009).

**B.    Motion for the Appointment of Counsel**

In § 2255 actions, the appointment of counsel is guided by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing.  Id.   There is no constitutional right to the appointment of counsel in a § 2255 proceeding.  Pennsylvania v. Finley,

---

[1] Although he does not seeks such relief here, it is conceivable that Petitioner may attempt to invoke the savings clause contained in 28 U.S.C. § 2241. Unlike a § 2255 motion to vacate which must be brought in the sentencing court,  however, "a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2008); but see Kanai v. McHugh, 638 F.3d 251 (4th Cir. 2011) (noting that a challenge based on the language in § 2241(a) is waived if not timely asserted). The Court states no opinion regarding the potential merit or procedural viability of such a motion.

481 U.S. 551, 555 (1987). The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B).

Upon review of the record, the Court concludes that Petitioner has no claim for relief before this Court under § 1651 or § 2255. Accordingly, Petitioner's motion for appointment of counsel will be denied.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that Petitioner's "Motion in Support of Writ of Audita Querela Pursuant to 28 U.S.C. § 1651" [Doc. 1] should be dismissed as an unauthorized, successive petition under 28 U.S.C. § 2255, and that Petitioner's "Motion for Appointment of Counsel" [Doc. 2] should also be denied.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the motion to vacate

states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's "Motion in Support of Writ of Audita Querela Pursuant to 28 U.S.C. § 1651" [Doc. 1] is construed as an unauthorized second or successive motion to vacate pursuant to 28 U.S.C. § 2255 and is therefore **DISMISSED**.

2. Petitioner's "Motion for Appointment of Counsel" [Doc. 2] is **DENIED**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 4, 2017

Martin Reidinger
United States District Judge