THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00305-MR
CRIMINAL CASE NO. 1:00-cr-00069-MR

| | |
|---|---|
| AMOS JUNIOR SCOTT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Government's Amended Motion to Dismiss the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. [CV Doc. 5].

**I.   BACKGROUND**

On January 12, 2001, the Petitioner was found guilty after a jury trial of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Case No. 1:00-cr-00069 (W.D.N.C.) ("CR") Doc. 80].[1] The Petitioner was sentenced to a term of life imprisonment as a

---

[1] Citations to the record herein contain the relevant document number referenced preceded either by the letters "CR" denoting that the document is listed on the docket in Criminal Case No. 1:00-cr-00069 (W.D.N.C.) or the letters "CV" denoting that the document is listed on the docket in Civil Case 1:19-cv-00305-MR (W.D.N.C.).

career offender because he had already been convicted under California law of "assault with a deadly weapon or assault with means likely to produce great bodily harm" in 1987 and "possession of rock cocaine for sale" in 1989. [CR Docs. 111; 189 at ¶¶ 24]. On July 12, 2002, the Fourth Circuit Court of Appeals affirmed the conviction and sentence. United States v. Scott, 40 F. App'x 807 (4th Cir. 2002). On January 13, 2003, the United States Supreme Court denied certiorari. Scott v. United States, 537 U.S. 1140 (2003).

On October 10, 2003, the Petitioner filed a motion to vacate under 28 U.S.C. § 2255. [CR Doc. 135]. The Court denied the Petitioner's motion on November 7, 2005, and denied a motion for reconsideration under Rule 59(e) on December 9, 2005. [CR Docs. 149; 152]. The Petitioner appealed. On June 23, 2006, the Fourth Circuit Court of Appeals dismissed the appeal and denied a certificate of appealability. United States v. Scott, 185 F. App'x 292 (4th Cir. 2006). The United States Supreme Court denied certiorari on June 4, 2007, Scott v. United States, 551 U.S. 1104 (2007), and rehearing on August 20, 2007, Scott v. United States, 551 U.S. 1181 (2007).

On January 26, 2008, the Petitioner filed a petition purporting to seek relief pursuant to 28 U.S.C. § 2254 in the Eastern District of California. The petition was subsequently transferred to this Court. [CR Doc. 161]. On September 3, 2008, the Court denied this motion as an unauthorized

2

successive § 2255 motion to vacate and denied reconsideration. [CR Docs. 164; 166]. The Petitioner appealed. On October 5, 2009, the Fourth Circuit dismissed Petitioner's appeal. United States v. Scott, 346 F. App'x 975 (4th Cir. 2009).

The Petitioner then filed an application in the Fourth Circuit Court of Appeals for authorization to file a second or successive § 2255 motion to vacate raising a claim under Johnson v. United States, 135 S. Ct. 2551 (2015). In re Scott, No. 16-211. The Court denied the motion on March 16, 2016, reasoning that the Petitioner was entitled to no relief under Johnson. [CR Doc. 190].

On May 26, 2016, the Petitioner filed a motion in the underlying criminal case seeking to correct certain "factual inaccuracies" in his Presentence Investigation Report ("PSR") pursuant to Rule 36 of the Federal Rules of Criminal Procedure. [CR Doc. 192]. Specifically, the Petitioner argued that the PSR erroneously states that (1) he was previously convicted of assault with a deadly weapon and (2) he was once affiliated with a gang. [Id.]. On November 6, 2017, the Court denied the motion for lack of jurisdiction because the Petitioner the time for substantive challenges to the PSR had expired and he failed to obtain permission from the Fourth Circuit to file a second or successive § 2255 motion to vacate. [CR Doc. 193].

3

On May 30, 2017, the Petitioner filed a writ of habeas corpus under 28 U.S.C. § 2241 in the Central District of California. Scott v. Tellez, 2017 WL 7310098 (C.D. Cal. Dec. 15, 2017). On January 21, 2018, the Petitioner's § 2241 petition was dismissed as an unauthorized successive § 2255 motion. Scott v. Tellez, 2017 WL 679446 (C.D. Cal. Jan. 31, 2018). The Ninth Circuit denied a certificate of appealability, Scott v. Tellez, 2018 WL 7624875 (9th Cir. 2018), cert. denied, 139 S. Ct. 1375 (2019).

On June 26, 2017, the Petitioner filed a petitioner for a writ of audita querela under 28 U.S.C. § 1651 in this Court, arguing that he is entitled to resentencing without the career offender enhancement because his prior conviction for assault with force likely to produce great bodily harm is not categorically a crime of violence pursuant to Johnson, 135 S. Ct. at 2551. [Case No. 1:17-cv-00166-MR (W.D.N.C.) Doc. 1]. On November 6, 2017, the Court dismissed the motion as an unauthorized successive § 2255 motion and denied a certificate of appealability. [CR Doc. 193].

In July 2019, the Petitioner's counsel moved a state court in California to correct the abstract of judgment on his conviction for assault with a deadly weapon or force likely to produce great bodily injury. [CV Doc. 1-2 at 38-39, 41-42]. Specifically, the Petitioner asked the court to clarify that he never was convicted of assault with a deadly weapon. [Id.]. The court granted

4

relief by amending the judgment to strike all references to a deadly weapon. [Id. at 42].

On October 23, 2019, the Petitioner, proceeding *pro se*, filed the present Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1]. The Petitioner argues that the career offender enhancement was improperly applied to him because, while the PSR and the Fourth Circuit Court of Appeals referred to his conviction as assault with a deadly weapon, the California court has now removed references to a deadly weapon from his judgment. [CV Doc. 1-1 at 10]. The Petitioner also argues that his conviction for assault with force likely to produce great bodily injury does not constitute a crime of violence. [Id. at 14]. The Petitioner further argues that he received ineffective assistance of counsel because his counsel never investigated his assault with a deadly weapon conviction. [Id. at 12].

On November 8, 2019, the Court entered an Order directing the Respondent to respond to the Petitioner's motion. [CV Doc. 2]. On January 7, 2020, the Respondent filed a Motion to Dismiss. [CV Doc. 3].[2] On January 27, 2020, the Petitioner responded. [CV Doc. 6].

---

[2] On January 8, 2020, the Respondent filed a "Motion to File a Corrected Motion" and filed a Corrected Motion to Dismiss. [CV Docs. 4; 5]. For cause shown, the Respondent's Motion for leave to file a corrected motion is granted.

5

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Respondent moves to dismiss, arguing that the Petitioner's § 2255 motion is successive, untimely, and without merit. [CV Doc. 5].

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. A second-in-time § 2255 motion will not, however, be successive when "the facts relied on by the movant seeking resentencing did not exist when numerically first motion was filed and adjudicated." United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014).

The Petitioner does not provide any indication that he has received authorization from the Fourth Circuit Court of Appeals to file this motion, instead arguing that the present motion is not a second or successive motion under § 2255(h) because it relies on facts that did not exist when he filed his first § 2255 motion. [CV Doc. 1-1 at 2]. Specifically, the Petitioner contends that California court recently "vacated and corrected" the judgment on his

conviction for assault with a deadly weapon or force likely to produce great bodily injury. [CV Doc. 1-1].

The Petitioner mischaracterizes the consequences of the California state court proceeding by asserting that the California court "vacated" his conviction for assault with a deadly weapon. [CV Doc. 1-1 at 9]. The Petitioner was convicted of violating California Penal Code § 245(a), which criminalizes "assault . . . with a deadly weapon . . . or by any means of force likely to produce great bodily injury." Cal. Penal Code § 245(a)(1) (1999). The California court merely amended the judgment to remove the references to a deadly weapon, thereby clarifying that the Petitioner's violation of § 245(a) was based on assault by means of force likely to produce great bodily injury, not assault with a deadly weapon. As such, the California court's amendment of the judgment did not vacate the Petitioner's conviction under § 245(a) at all.

More importantly, the predicate in § 245 upon which the Petitioner's conviction was based is irrelevant because either predicate would have constituted a crime of violence sufficient to support the career offender enhancement. A defendant is a career offender if: (1) he was at least 18 years old at the time of the instant offense; (2) the instant offense is a felony crime of violence or controlled substance offense; and (3) he has at least two

8

other prior felony convictions for a crime of violence or controlled substance offense. U.S.S.G. § 4B1.1(a). Assault with a deadly weapon and assault with force likely to produce great bodily injury under California law are both categorically crimes of violence. Sunum v. Barr, 778 F. App'x 538, 539 (9th Cir. 2019); United States v. Grajeda, 581 F.3d 1186, 1196 (9th Cir. 2009); United States v. Cisneros-Cuevas, No. 15-CR-1837-BAS, 2017 WL 432817, at *3 (S.D. Cal. Jan. 31, 2017). As such, the Petitioner was convicted of a crime of violence regardless of whether the § 245(a) conviction was for assault with a deadly weapon or assault with force likely to produce great bodily injury. Because the Petitioner also had previously been convicted of a controlled substance offense, the Court appropriately designated him as a career offender.[3] U.S.S.G. § 4B1.2. Therefore, the California court's amendment of the judgment did not create a basis for the Petitioner's § 2255 petition. Accordingly, the Petitioner's motion is an unauthorized successive motion under § 2255.[4]

---

[3] While the Petitioner disputes the description of his prior conviction as being for possession of "rock cocaine," he does not dispute that such a conviction qualifies as a controlled substance offense for career offender enhancement purposes. [CV Doc. 1-1 at 8].

[4] The Court usually provides a *pro se* § 2255 petitioner with an opportunity to respond before imposing a limitations bar. It was unnecessary to do so in this case because the Petitioner fully briefed limitations in his § 2255 petition and supporting memorandum, and his claims would alternatively fail on the merits.

Even if this motion did not constitute a successive § 2255 motion, the Petitioner still would not be entitled to relief on the merits. The Petitioner claims that the PSR and the Fourth Circuit Court of Appeals both erred by stating that he has been convicted of assault with a deadly weapon because he was never convicted of using a deadly weapon and the California court has since struck all references to a deadly weapon from the judgment. [CV Doc. 1-1 at 4]. As such, the Petitioner claims that the Court's sentence should be vacated because the career offender enhancement was based on a non-existent conviction for assault with a deadly weapon and therefore the Court erred by applying the enhancement to him. [Id. at 10].

With regard to the PSR, the Petitioner was convicted under a statute that criminalizes "assault . . . with a deadly weapon . . . or by any means of force likely to produce great bodily injury . . . ." Cal. Penal Code § 245(a)(1) (1999).[5] The PSR parallels the language of § 245 and states that the Petitioner was convicted of "assault with a deadly weapon *or* force likely to produc[e] great bodily injury." [CR Doc. 189 at ¶ 29 (emphasis added)]. As such, the language in the PSR accurately characterizes the Petitioner's

---

[5] The Petitioner contends that he "pled no contest to 'assault by any means of force[.]'" [CV Doc. 1-1 at 9]. The transcript of the state court proceedings, however, shows that the Petitioner pled no contest to "assault with means likely to produce a great bodily harm" in "violation of 245(a) of the Penal Code[.]" [CV Doc. 1-2 at 23-24]. As such, the Petitioner's argument inaccurately describes the offense for which he was convicted.

10

Case 1:00-cr-00069-MR   Document 206   Filed 09/08/20   Page 10 of 15

conviction. Although the California Penal Code was amended in 2011 to separate the two predicate offenses under § 245 into two distinct statutory provisions, A.B. 1026, Cal. Legis., 2011-2012 Sess., Ch. 183 (Ca. 2011), that amendment does not affect the Petitioner's conviction in 1987. As such, the Petitioner's arguments regarding the alleged errors in the PSR are without merit.[6]

The Petitioner further argues that the Fourth Circuit erred by referring to his conviction as being for "assault with a deadly weapon" in its order denying his direct appeal. United States v. Scott, 40 Fed. App'x. 807, 808 (4th Cir. 2002). While the Fourth Circuit's abbreviated description did not contain the additional language from § 245 regarding assault with "force likely to produce great bodily injury," assault with a deadly weapon and assault with force likely to produce great bodily injury under California law are both categorically crimes of violence. Sunum, 778 F. App'x at 539; Grajeda, 581 F.3d at 1196; Cisneros-Cuevas, 2017 WL 432817, at *3. As such, the Petitioner would have qualified as a career offender regardless of the prong upon which the § 245 conviction was based. Accordingly, the

---

[6] Moreover, the Court already denied the Petitioner's request to correct his PSR because that request asserted a substantive challenge to the information presented in the PSR long after the appropriate time for making such a challenge. [CR Doc. 193 (citing United States v. Davis, No. PJM 00-0424, 2012 WL 8466126, at *1 (D. Md. Nov. 2, 2012))].

11

Fourth Circuit's characterization of the Petitioner's conviction as "assault with a deadly weapon" rather than "assault with a deadly weapon or force likely to produce great bodily injury" is without consequence. Therefore, the Petitioner's arguments regarding the alleged errors in the Fourth Circuit's abbreviated description of the Petitioner's conviction are without merit. For these reasons, the Petitioner's arguments regarding the description of his conviction in the PSR and the Fourth Circuit's order do not constitute grounds for finding the career offender enhancement was inappropriate.

The Petitioner further asserts that his trial counsel rendered ineffective assistance by failing to investigate whether he had been convicted of assault with a deadly weapon. [CV Doc. 1-1 at 12]. The Respondent moves to dismiss the Petitioner's ineffective assistance claim on the grounds that it is without merit. [CV Doc. 5 at 14].

To establish a claim of ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice

12

Case 1:00-cr-00069-MR   Document 206   Filed 09/08/20   Page 12 of 15

prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

The Petitioner fails to show that he was prejudiced by his counsel's alleged failure to investigate whether he was convicted under the assault with deadly weapon prong or the assault with force likely to produce great bodily injury prong of § 245. As discussed, each prong of § 245 constitutes a crime of violence. As such, even if the Petitioner's trial counsel had investigated his prior convictions, there is no reasonable probability that the Petitioner would not have been subject to the career offender enhancement. Accordingly, the Petitioner's ineffective assistance of counsel claim is without merit.

For these reasons, the Petitioner's § 2255 motion is also without merit.

## IV. CONCLUSION

For the foregoing reasons, the Respondent's Motion to Dismiss the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [CV Doc. 3, as amended, CV Doc. 5] will be granted. The Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 [CV Doc. 1] will be denied and dismissed.

The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. Accordingly, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Respondent's "Motion to File a Corrected Motion" [CV Doc. 4] is **GRANTED**.

2. The Respondent's Motion to Dismiss the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [CV Doc. 3, as amended, CV Doc. 5] is **GRANTED**.

3. The Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 [CV Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE.**

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 8, 2020

Martin Reidinger
Chief United States District Judge