THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:00-cr-00069-MR-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| AMOS JUNIOR SCOTT, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion and Memorandum of Law in Support of Request for Compassionate Release and Sentence Reduction under the First Step Act of 2108" [Doc. 238].

**I.   BACKGROUND**

The Defendant Amos Junior Scott was charged with conspiracy to possess with intent to distribute at least five kilograms of cocaine, 21 U.S.C. § 846.[1]   [Doc. 3: Indictment].   Prior to trial, the Government filed an Information under 21 U.S.C. § 851, notifying Scott and this Court that it intended to seek an enhanced penalty because Scott had previously been

---

[1] A full recounting of the procedural history of this matter is set forth in the Order entered by this Court denying Scott's first motion for compassionate release [Doc. 220], and will not be repeated here.

convicted of a felony drug offense in California. [Doc. 7: § 851 Notice]. A jury convicted Scott of the conspiracy offense, finding that the offense involved at least five kilograms of cocaine. [Doc. 80: Jury Verdict].

At sentencing, the Court determined that the Defendant was a career offender and sentenced him to life in prison. [Doc. 111: Judgment at 2]. The Defendant is currently housed at FCI Butner Medium II with no projected release date due to his life sentence.[2]

In February 2021, the Defendant filed a motion seeking compassionate release, arguing three grounds: (1) that he was erroneously classified as a career offender, and that if he were sentenced today, he would not have been sentenced as severely; (2) that he suffers from a number of chronic health conditions which increase his risk of serious illness or death from COVID-19; and (3) that he had "compiled a remarkable record of rehabilitation" in prison, thereby demonstrating that he would not be a danger to the public if released. [Doc. 207 at 1-2]. In July 2021, the Court denied the Defendant's motion. [Doc. 220]. The Defendant sought reconsideration of that Order, which was denied. [Docs. 221, 229]. The Defendant appealed [Doc. 231], and in April 2022, the Court of Appeals affirmed. [Doc. 236].

---

[2] See https://www.bop.gov/inmateloc/ (last accessed Aug. 11, 2023).

Scott now returns to this Court with another request for compassionate release. [Doc. 238]. In his motion, Scott reiterates the grounds he asserted in his first compassionate release motion regarding his career offender designation, his medical conditions and susceptibility to COVID-19, and his record of rehabilitation while incarcerated. Additionally, he makes several challenges to his conviction, including that the Court erred in its instructions to the jury and relied on misinformation when it originally sentenced him. [Id.]. The Government has filed an opposition to Scott's motion [Doc. 245], and Scott has filed a reply [Doc. 246].

**II.    DISCUSSION**

To the extent that Scott argues that this Court erred by sentencing him as a career offender, erred in its instructions to the jury, or relied on misinformation when it originally sentenced him, such arguments challenge the validity of his conviction and sentence and are not cognizable in a compassionate release proceeding. United States v. Ferguson, 55 F.4th 262, 272 (4th Cir. 2022). A motion under 28 U.S.C. § 2255 remains "the exclusive method" for such challenges, and Scott may not "sidestep § 2255's requirements" through a motion for compassionate release. Id. at 270.

Accordingly, to the extent that Scott attempts to directly attack his original conviction and sentence, such arguments are rejected.

With respect to the other grounds asserted by Scott, the Court has already exhaustively addressed these arguments in its previous Orders. [Docs. 220, 229]. Having considered the totality of the circumstances presented, along with the sentencing factors in 18 U.S.C. § 3553(a), the Court again concludes, for the reasons stated in its previous Orders, that Scott has failed to show any grounds, considered singly or in combination, that would constitute extraordinary and compelling reasons for a compassionate release. See United States v. Handlon, 53 F.4th 348, 353 (5th Cir. 2022) (repetitive compassionate release motion may be denied for "the same reasons stated" in a prior ruling).

In light of the serious nature of Scott's offense and his criminal history, the Court continues to find that the relevant § 3553(a) sentencing factors, including the need for the sentence to reflect the true extent and seriousness of Scott's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes, continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's present motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion and Memorandum of Law in Support of Request for Compassionate Release and Sentence Reduction under the First Step Act of 2108" [Doc. 238] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 18, 2023

Martin Reidinger
Chief United States District Judge